UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER STRAUGHTER,

           Plaintiff,          Civil Action No. 22-10856

v.                                   Shalina D. Kumar
                                   United States District Judge

MARTI KAY SHERRY, *et al.*,       David R. Grand
                                   United States Magistrate Judge

           Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT MARTI KAY SHERRY'S MOTION FOR SUMMARY JUDGMENT (ECF No. 20)

*Pro se p*laintiff Christopher Straughter ("Straughter"), currently incarcerated at the Parnall Correctional Facility, filed a 42 U.S.C. § 1983 complaint against Michigan Department of Corrections' employees Marti Kay Sherry ("Sherry") and Samantha Price ("Price"), alleging Eighth Amendment violations based on the denial of medical care when he was housed at the Central Michigan Correctional Facility. (ECF No. 1). This case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 9).

On July 20, 2022, defendant Sherry filed a Motion for Summary Judgment (ECF No. 20), and Straughter filed a response on August 29, 2022 (ECF No. 32).

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Sherry's Motion for Summary Judgment **(ECF No. 20)** be **GRANTED.**

## II.   REPORT

### A.   Background

In his complaint, Straughter alleges that, while housed at the Newberry Correctional Facility ("NCF") in October 2019, he sustained "an injury to his right ankle," NCF "medical staff diagnosed [Straughter] with an ankle sprain," he could not "walk" or "stand," and he experienced swelling and "numbness" in his "foot and leg area." (ECF No. 1, PageID.19-20). In November 2019, Straughter was transferred to the Central Michigan Correctional Facility ("STF"), where he submitted "several health care request[s]" concerning his right foot. (*Id.*, PageID.20). In response, Samantha Price, P.A., ordered "an x-ray[]" of his right foot, and "no fractures or other acute abnormalities were noted." (*Id.*). But, because Straughter's condition allegedly continued to "worsen" with "no relief," he requested that Price order a MRI of his foot, which Price "refuse[d]." (*Id.*). This led Straughter to file "several grievances" against Price. (*Id.*, PageID.20-21). He also sent "a letter" to Sherry, an administrator in the MDOC's "Health Dept" who "coordinat[es] and monitors health care services for prisoners," requesting a "MRI and intervention to health care provider at STF." (*Id.*). Both Price and Sherry allegedly refused his requests. (*Id.*).

Later, on March 30, 2021, Straughter was "finally sent to Mid Michigan Medical Center," where Dr. Sharon Oliver, M.D., examined him and "determined that the injury to his Achilles healed incorrect[ly] and that at this point there is nothing not even a [surgery] that can correct the problem as [Straughter] went to[o] long without any necessary treatment for his injury." (*Id.*, PageID.21-22). Straughter subsequently sent "several request[s]" asking Price and Sherry "to get a second opinion from a different specialis[t],"

2

but "received no response from the medical department." (*Id.*, PageID.22). As a result, he alleges that he "is left with limp and gimp," "use[s] a wheelchair and cane," is "in sever[e] pain constantly especially when walking," and "is in great pain and his ankle and foot is stiff and does not turn properly." (*Id.*, PageID.21-23). He contends that Price's and Sherry's failure to provide him with the appropriate medical care constitutes Eighth Amendment deliberate indifference to his serious medical need, and he therefore seeks monetary damages as well as injunctive relief. (*Id.*, PageID.23-25).

B.  Analysis

Defendant Sherry now moves for summary judgment on Straughter's claims against her, arguing that the complaint fails to adequately plead how Sherry was personally involved in any unconstitutional conduct, and that Straughter alternatively failed to exhaust his administrative remedies with respect to his claims against Sherry. (ECF No. 20).[1] In his response brief, Straughter expressly concedes that "[a]s it pertains to Defendant Sherry, and only this Defendant," her motion "has merit and should be granted so that discovery can proceed against the other named Defendant [Price] in this matter, and so that time will not be wasted, nor resources be wasted." (ECF No. 32, PageID.217-18).[2]

---

[1] Sherry specifically argues that "Straughter fails to state how [she] was personally involved in any unconstitutional conduct, and does not make any specific allegations as to how she either encouraged the specific incident of misconduct or in some other way directly participated in it." (ECF No. 20, PageID.139) (quotation and citation omitted). She contends that "[t]he only allegations that Straughter makes against [her] arose out of her not doing what he requested—i.e., order an MRI or send him to an outside specialist," and that her "alleged failure to act is not sufficient to establish liability under § 1983." (*Id.*).

[2] Straughter specifically states that he "agrees with [Sherry's] legal rationale presented in [her] brief," "admits that he did not make a clear showing that Defendant Sherry was personally involved in the alleged unconstitutional conduct," "agrees that he has failed to state a claim upon which

3

Based on all of the foregoing, the Court agrees with the parties that defendant Sherry should be dismissed from this case. In brief, Straughter fails to plead a viable claim against Sherry because "liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quotation omitted) ("With respect to Luttrell, Shehee's only claim is Luttrell's alleged failure to intervene on Shehee's behalf"); *see also Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (stating § 1983 liability cannot be premised upon mere allegations of *respondeat superior*; rather, a plaintiff must show that the defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct). Moreover, Sherry has also provided salient MDOC grievance documents indicating that Straughter did not exhaust his claims against her, (*see* ECF No. 20-3, PageID.164-178), and Straughter expressly concedes in his response brief that such claims against Sherry should be dismissed for failure to exhaust his administrative remedies, (ECF No. 32, PageID.218). *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Sherry's Motion for Summary Judgment **(ECF No. 20)** be **GRANTED**.

Dated: August 31, 2022                  s/David R. Grand
Ann Arbor, Michigan                   DAVID R. GRAND
                                                     United States Magistrate Judge

---

relief can be granted," and contends that "the Court should GRANT [Sherry's] motion [] and dismiss [] Sherry from this lawsuit." (ECF No. 32, PageID.217). He "also concedes that he has failed to exhaust any of his Administrative remedies against Defendant Sherry." (*Id.*, PageID.218).

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2022.

                                         s/Eddrey O. Butts
                                         EDDREY O. BUTTS
                                         Case Manager